IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY LEE MYERS,                    )
                 Petitioner,       )
                                   )
          v.                       )    Civ. Act. No. 09-394
                                   )    Crim. Act. No. 08-181
                                   )
UNITED STATES OF AMERICA,          )
                 Respondent.       )


MEMORANDUM and ORDER OF COURT

Gary L. Lancaster,
District Judge.                          May 12, 2009

          This is an action to vacate sentence.  On November 14,
2008, petitioner pled guilty to one (1) count of Possession of
Material Depicting the Sexual Exploitation of a Minor in violation
of 18 U.S.C. § 2252(a)(4)(B).  On March 9, 2009, this court
sentenced petitioner to fifty-one (51) months of incarceration to
be followed by eight (8) years of supervised release.  The 51 month
sentence was at the lowest end of the guideline range of 51 to 63
months incarceration.  Petitioner has now filed a motion to vacate
sentence pursuant to 28 U.S.C. § 2255 [crim. doc. no. 39].

          Petitioner contends that he "was denied his 6th
Amendment right to the effective assistance of counsel by the
failure of his trial counsel to argue that the guideline under
which he was sentenced, U.S.S.G. 2G2.4, is seriously flawed and
should not be followed." [Crim. Doc. No. 39 at ¶ 12].  Petitioner
argues that, but for his trial counsel's error, he would have
received a shorter sentence.

The government opposes petitioner's motion to vacate sentence and argues that petitioner was not denied the effective assistance of counsel. For the reasons that follow, petitioner's motion to vacate sentence will be denied.[1]

Petitioner has alleged that he was denied the effective assistance of counsel. In order for petitioner to succeed on an ineffective assistance of counsel claim, he must prove: (1) that his counsel was deficient; and (2) that he was prejudiced by his counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Court of Appeals for the Third Circuit advises that we should first evaluate the prejudice prong of the Strickland analysis because "this course of action is less burdensome to defense counsel." United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting United States v. McCoy, 410 F.3d 124, 132 n.6 (3d Cir. 2005))(internal quotations omitted).

To establish prejudice, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Weeks v. Snyder, 219 F.3d

---
[1]

A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008). Based on our review of the motion and response thereto, along with the record, we hold that a hearing is not required here because it is clear that petitioner is not entitled to relief.

245, 257 (3d Cir. 2000). In other words, petitioner here must show that there is a reasonable probability that his counsel's errors resulted in the imposition of an increased prison term. Glover v. United States, 531 U.S. 198, 200 (2001).

The record is clear that petitioner has not, and could not, contend that the sentence was contrary to the applicable guideline range. Rather, petitioner relies on Kimbrough v. United States, 128 S.Ct. 558 (2007), for the proposition that this court must disregard the guidelines if the Sentencing Commission formulated the guideline range based not upon empirical data or institutional analysis, but rather, based upon other considerations such as congressional mandates.

In Kimbrough, the United States Supreme Court held that it was not an abuse of discretion for a sentencing court to sentence a defendant convicted of possession of crack cocaine below the guideline range based upon the sentencing court's conclusion that the crack cocaine/powder cocaine disparity in the guidelines yielded a sentence greater than necessary. Id. at 574. Petitioner argues that the reasoning of Kimbrough applies with equal force here and, therefore, that trial counsel was ineffective for failing to make this argument.

In Kimbrough the Supreme Court merely held that, in some cases, a sentencing court may disregard the guideline range. Contrary to petitioner's argument, the Supreme Court in Kimbrough

3

did not hold that a sentencing court must disregard the guideline range. Even assuming that Kimbrough applies to petitioner's offense, which is by no means clear, this court specifically concluded on the record that the guidelines were advisory only and that the sentence was determined upon consideration of the guidelines, as well as the factors enumerated in 18 U.S.C. § 3553.

In reaching the sentencing decision, we applied the well established three step sentencing procedure set forth in United States v. Gunter, 465 F.3d 237, 247 (3d Cir. 2006). Accordingly, petitioner has failed to establish a reasonable probability that his counsel made an error, much less that the alleged error resulted in the imposition of an increased prison term.

Further, it must be noted that the government sought a four (4) level enhancement to petitioner's offense score pursuant to U.S.S.G. § 2G2.2(b)(4) on the basis that the offense "involved material that portrays sadistic or masochistic conduct or other depictions of violence." Id. Had the enhancement been applied, petitioner would have been subject to a recommended guideline range of 78 to 97 months incarceration. Petitioner stipulated to the conduct portrayed in the videos at issue. This court declined, however, to apply the enhancement, despite extensive persuasive authority from a number of other circuits holding that the conduct portrayed was sufficiently repugnant to warrant the enhancement.

4

[Crim. Doc. No. 35]. The decision not to apply the enhancement was reached due to the excellent advocacy of trial counsel.

The record, therefore, conclusively shows that petitioner is not entitled to relief on his claim for ineffective assistance of counsel. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY LEE MYERS,                        )
                    Petitioner,        )
                                       )
         v.                            )    Civ. Act. No. 09-394
                                       )    Crim. Act. No. 08-181
                                       )
UNITED STATES OF AMERICA,              )
                    Respondent.        )

ORDER

AND NOW, this 12 day of May, 2009, IT IS HEREBY ORDERED

THAT petitioner's motion to vacate sentence [crim. doc. no. 39] is

DENIED.

The Clerk of Court is directed to mark this case

closed.

BY THE COURT:

_____, J.

cc:        All Counsel of Record
           Ronald Hayward, Esq.